SAMUEL McADAM, Collector, *vs.* SAMUEL R. HONEY *et al.*

Assessors of taxes notified the tax-payers to bring in an account of their ratable estate on or before February 26 ; their assessment roll was signed and deposited with the city clerk May 10 :—

*Held*, that the assessment must be deemed to have been made on the day following the last date on which the tax-payers were notified to bring in their accounts.

Conveyances made subsequent to the assessment of taxes are subject to the tax.

If the whole of a tax upon an estate consisting of several parcels be paid by the holder of one of the parcels, to prevent the sale of his parcel, he is entitled to recover from those who have acquired the other parcels the proportions of the tax which equitably should have been paid on account of those parcels.

PETITION for an opinion.

MATTESON, C. J.    The questions submitted assume that the assessment was made on May 10, 1897, on which day the assessors signed the assessment roll and deposited it with the city clerk.    We think, however, that the assessment must be deemed to have been made on February 27, 1897, the day following the last date on which the tax-payers were notified to bring in an account of their ratable estate.    The property of a tax-payer and his financial condition are liable to change from day to day.    For this reason it may well be doubted whether notice to tax-payers to bring in their accounts in February would give validity to an assessment made so long afterwards as May 10th.    *McTwiggan* v. *Hunter*, 18 R. I. 776.    Moreover, to require the assessors to follow all changes that might take place in the holdings of property while the preparation of the assessment roll was in progress would be exceedingly inconvenient, if not impracticable.

The assessment in legal contemplation having been made as of February 27, 1897, the subsequent conveyances referred to in the statement are subject to it.    If the whole tax covering the several parcels taxed to the devisees of John S. Langley is paid by the holder of one of the parcels, to prevent the sale of his parcel, we think he would be entitled to

recover from those who have acquired the other parcels the proportions of the tax which equitably should be paid on account of those parcels.

*William P. Sheffield, Jr.*, for petitioner.

*Samuel R. Honey*, for respondent.